Martha LEMMERMANN, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 33223.

United States District Court
N. D. California, S. D.

Jan. 13, 1956.

John K. Hagopian, San Francisco, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., Frederick J. Woelflen, Asst. U. S. Atty., San Francisco, Cal., for defendant.

ROCHE, Chief Judge.

This lawsuit arises from an accident which occurred on April 13, 1953. On that date the plaintiff slipped on some small pieces of glass on the sidewalk at the northeast corner of Sansome and Washington Streets in San Francisco, which street corner is adjacent to the government owned Appraisers Building. The theory under which plaintiff alleges responsibility on the part of the United States for this accident is set forth in Paragraph IV of her complaint and reads in part as follows:

" * * * that on or about the said 13th day of April, 1953, the agents, servants and employees of the defendant carelessly, negligently and wrongfully permitted an inmate of said detention ward to break one of the glass windows in said ward and carelessly permitted the glass from said window to scatter and to remain upon the northerly sidewalk of Washington Street on which said building fronted; that said agents, servants and employees of the defendant knew that said window had been broken and that the glass therefrom had scattered on the said sidewalk below, and carelessly, negligently and wrongfully allowed said glass to remain on said sidewalk."

The defendant asserts that plaintiff has not established, by a preponderance

of the evidence or otherwise, these essential factors:

(1) That the window was broken as a result of inadequate or negligent supervision of the detainees in the Immigration detention headquarters;

(2) That employees, agents or servants of the government were aware that the window had been broken prior to the accident;

(3) The exact time when the window had been broken so as to give rise to constructive notice to employees of the United States, of the presence of glass on the sidewalk in the area where plaintiff sustained her injuries.

The plaintiff asserts the following evidentiary facts to sustain her position that the accident was caused by negligence on the part of the United States:

(1) That the defendant had notice that the glass in the window in question had on three previous occasions been broken;

(2) That the window had been carelessly constructed in such fashion that, if it were broken, the break could not be detected, and the glass, once it was broken loose from its frame, would not fall inward but rather outward on the street;

(3) That because of statements made in a government accident report prepared by two separate General Services Administration employees after the accident, there was abundant proof of inadequate supervision by Immigration officials of detainees in the detention quarters, of the fact that no patrols of the exterior of the building were conducted by General Services Administration personnel, for the purpose of determining the existence of hazards in the exterior area and approaches to the Appraisers Building.

The plaintiff has cited the case of Hatfield v. Levy Brothers, 18 Cal.2d 798, 117 P.2d 841. The facts of that case are not analogous to those in the instant case. In the Hatfield case the cause of injury was known and the time when the hazardous condition arose was known, and the evidence at the trial established an awareness on the part of the defendant's employees as to the presence of a dangerous condition. The California Supreme Court stated, 18 Cal.2d at page 806, 117 P.2d at page 845:

"Where the dangerous condition is brought about by natural wear and tear, or *third persons*, or acts of God or by other causes which are not due to the negligence of the owner, *or his employees*, then to impose liability the owner must have either actual or constructive knowledge of the dangerous condition or have been able by the exercise of ordinary care to discover the condition, which if known to him, he should realize as involving an unreasonable risk to invitees on his premises." (Emphasis added.)

In this regard it is defendant's position:

(a) That the glass which fell from the Immigration detention quarters was the result of the acts of third persons (detainees);

(b) That the window was broken without any negligence on the part of the government employees in supervising the detainees;

(c) That the plaintiff has not established when the window was broken, so as to justify a finding by the court that the hazard had existed for such period of time as to give rise to constructive notice of a dangerous condition.

The case of Nicholson v. City of Los Angeles, 5 Cal.2d 361, 54 P.2d 725, sets forth what elements are necessary to charge constructive notice to a landowner as to dangerous condition on his property. First there must be present some element of conspicuousness or notoriety; further, consideration should be given to all existing circumstances that give rise to the defect, including the cause and nature of the defect, the length of time it had existed, the location, extent and character of the use of the sidewalk in question, and the magnitude of the problem of inspection.

The court concludes that the plaintiff has failed to sustain its burden of proof that the employees of the United States were negligent in supervising the detainees or in patroling the exterior of the building. Having reached this conclusion, the only question remaining as to liability is whether or not a hazardous condition had existed adjacent to the defendant's property for such period of time as to create constructive notice. The evidence in this case shows that there was no conspicuousness or notoriety concerning the presence of glass, prior to the accident. The pieces of glass upon which it is alleged plaintiff slipped were very small in appearance. Plaintiff testified that her eyes were continuously on the pavement, that she had clear vision, and that at no time prior to her actually falling had she seen any debris or glass, although she had been watching the pavement ahead of her.

The plaintiff has attempted to infer that the window in question was broken between 4:30 p. m. on Friday April 10, 1953, and 7:45 a. m. on Monday, April 13, 1953. However, the evidence does not reveal how long the alleged dangerous condition existed and the mere possibility of defendant's negligence does not meet the burden of proof required of plaintiff. Speculation as to how long a dangerous condition has existed will not suffice to justify a finding of negligence on the part of the defendant, Reese v. Smith, 9 Cal.2d 324, 70 P.2d 933; Wilbur v. Emergency Hosp. Ass'n, 27 Cal.App. 751, 151 P. 155.

As an additional argument the plaintiff submits that the recessed construction of the window in question was negligence on the defendant's part, inasmuch as such construction prevented detection from the inside of any break in the glass. However, the complaint on file herein, a portion of which is set forth in this opinion, does not charge defendant with faulty or negligent construction or maintenance of the window in question. Further, the record is devoid of evidence to sustain such a finding. There is ample evidence, however, that the government took adequate precautionary measures to prevent reoccurrence of the incident occurring one and one-half years prior to plaintiff's accident, when the window was cracked, but not broken. Further, the pictures taken of the window in question, which all government witnesses familiar with the physical arrangements of the detention quarters have agreed represent the condition of the window at the time the accident occurred, visually demonstrate the adequate safety measures employed by defendant to prevent the occurrence of incidents such as that which is the basis of this suit.

In the court's view plaintiff has failed to meet the burden of proof to establish by a preponderance of the evidence that her injuries were the result of defendant's employees negligence; (1) in permitting glass from the detention quarters to be broken; or (2) in permitting the glass in question to be scattered and to remain upon the Northerly side of Washington Street; additionally, plaintiff failed to establish that defendant had knowledge, either actual or constructive, that the window had been broken and that the glass had been present on the sidewalk prior to the accident. In the absence of such essential proof, judgment shall be entered herein, upon findings of fact and conclusions of law in favor of defendant, and against plaintiff. The respective parties to pay their own costs.